09-2740-ag
Cai v. Holder

BIA
Morace, IJ
A093 397 340

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16ᵗʰ day of February, two thousand ten.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> REENA RAGGI,
>         *Circuit Judges.*

_____

YOU MING CAI,
>       *Petitioner,*

>        v.                                   09-2740-ag
>                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Yu Zhang, Law Offices of Fuhao Yang, PLLC, New York, New York.

**FOR RESPONDENT:** **Tony West, Assistant Attorney General; Melissa Neiman-Kelting, Senior Litigation Counsel; Jason Wisecup, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

You Ming Cai, a native and citizen of the People's Republic of China, seeks review of a May 29, 2009 order of the BIA, affirming the November 6, 2007 decision of Immigration Judge ("IJ") Phillip L. Morace, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re You Ming Cai*, No. A093 397 340 (B.I.A. May 29, 2009), *aff'g* No. A093 397 340 (Immig. Ct. N.Y. City Nov. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B);

*Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

Substantial evidence supports the agency's denial of Cai's application for relief. Although Cai argues that the agency erred in finding that the economic harm he suffered did not rise to the level of persecution, the IJ reasonably found that the 5,300 RMB fine did not endanger Cai's well-being, and noted that Cai remained in China for a number of years even after he was fined. Indeed, Cai paid the fine in 1992, and left China fourteen years later in 2006. Likewise, the BIA acknowledged Cai's testimony that he was compelled to borrow money to pay the fines, and that as a result of his debt his life was "very hard," but reasonably found that he did not demonstrate eligibility for asylum because he did not establish economic deprivation so severe so as to "constitute a threat to his life or freedom." *See Matter of T-Z-*, 24 I. & N. Dec. 163, 170-71 (BIA 2007).

Furthermore, the BIA reasonably found that absent "corroborative evidence supporting [Cai]'s claim as to his yearly income, or any other information regarding the family's finances in China, their net worth, their

3

resources, and their ability to find other work to meet the additional financial burden" it could not conclude that the IJ erred in finding that Cai did not suffer economic persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002). Insofar as the agency reasonably found that Cai did not suffer past persecution, and Cai does not challenge the agency's finding that he did not establish a well-founded fear of future persecution, the agency did not err in denying his application for asylum. *See* 8 U.S.C. § 1101(a)(42).

With respect to Cai's challenge to the agency's denial of his application for withholding of removal and CAT relief, he fails to address the actual basis of the agency's denial of that relief. Rather, he makes new allegations and discusses evidence that is not part of the administrative record. Accordingly, we decline to consider his arguments. *See* 8 U.S.C. § 1252(b)(4)(A); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (noting we are usually unable to review issues unexhausted before the BIA)*; see also Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269-70 (2d Cir. 2007) (declining to remand on the strength of evidence that was not in the record before the BIA).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk